UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH J. PHELAN,

                Plaintiff,

v.                                                                                         9:10-CV-1061
                                                                                           (GTS/DEP)
WOLCZYE, Hearing Officer, Auburn
Correctional Facility; LT. VASILE, Auburn
Correctional Facility; LT. NORRIS, Officer,
Auburn Correctional Facility; and ALBERT
PRACK, Director of Inmate Discipline,

                Defendants.
_____

APPEARANCES:                                                            OF COUNSEL:

KENNETH J. PHELAN, 09-A-1183
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN                                DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York               Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Kenneth J. Phelan ("Plaintiff") against four employees of the New York State Department of Correctional Services ("Defendants"), is Plaintiff's motion for voluntary dismissal of his action pursuant to Fed. R. Civ. P. 41(a)(2), and for the return of his *original* Complaint. (Dkt. No. 28.) Defendants have not opposed Plaintiff's motion for voluntary dismissal. (Dkt. No. 29.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part; this action is dismissed

without prejudice; and the Clerk of the Court is directed to return to Plaintiff a *copy* of his Complaint.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Claims and Procedural History

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite the claims asserted in this action, or the relevant procedural history, but will instead refer the parties to Magistrate Judge David E. Peebles' Decision and Order of December 22, 2010, which accurately recites the claims and procedural history. (Dkt. No. 6.) The Court will only note that, before Plaintiff filed his motion for voluntary dismissal, Defendants filed an Answer to Plaintiff's Complaint. (Dkt. No. 19.)

### B.     Grounds for Plaintiff's Current Motion

In support of his motion for voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff states as follows: "I want to withdraw this case from the court. I do not want to continue this case any longer. Please return the original complaint to me." (Dkt. No. 28, at 2.) In response to Plaintiff's motion, Defendants state that they "have no objection to [P]laintiff's request to withdraw this action." (Dkt. No. 29.)

## II.    LEGAL STANDARD GOVERNING MOTIONS FOR VOLUNTARY DISMISSAL

A motion for voluntary dismissal *without* a court order is governed by Fed. R. Civ. P. 41(a)(1), which provides, in pertinent, as follows: "[T]he plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(ii).

On the other hand, a motion for voluntary dismissal *by* court order is governed by Fed. R. Civ. P. Rule 41(a)(2), which provides, in pertinent part, as follows: "Except as provided in Rule

41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

### III. ANALYSIS

As an initial matter, to the extent Plaintiff's unopposed request may be liberally construed as a "stipulation of dismissal signed by all parties who have appeared" pursuant to Fed. R. Civ. P. 41(a)(1)(ii), the Court lacks the authority to interfere with the dismissal. However, the Court does not, even with the utmost of special liberality, so construe Plaintiff's motion. Rather, the Court construes Plaintiff's request as a motion for voluntary dismissal of his action pursuant to Fed. R. Civ. P. 41(a)(2). After carefully considering the matter, the Court finds that the terms of Plaintiff's request are proper. The Court makes this finding because (1) the motion is unopposed,[1] and (2) Plaintiff has demonstrated an understanding of the legal process leading up to his filing this motion. As a result, Plaintiff's Complaint is dismissed *without prejudice*.

Finally, Plaintiff's request for the return of his *original* Complaint is denied; he may have a

---

[1] The burden on an unopposed motion is lightened such that, in order for the motion to be granted, the motion need possess only facial merit. N.D.N.Y. 7.1(b)(3); *see also Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases that stand for the proposition that, where plaintiffs do not respond to defendants' argument made in their summary judgment motion, plaintiffs are deemed to have consented to defendants' argument, and thus defendants must only satisfy their "modest threshold burden" of demonstrating entitlement to the relief requested in their motion for summary judgment); *cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim); *Niles v. Nelson*, 72 F. Supp. 2d 13, 22 (N.D.N.Y. 1999) (McAvoy, C.J.) (holding that when a party does not respond to a portion of the opposing party's motion, they indicate that they consent to the granting of summary judgment with respect to that portion of the motion or have abandoned the claim); *Frink Am., Inc. v. Champion Road Machinery, Ltd.*, 48 F. Supp. 2d 198, 209 (N.D.N.Y. 1999) (McAvoy, C.J.) ("Plaintiff does not address these claims in his opposition papers, leading the Court to conclude that it has abandoned them.") (collecting cases).

copy of it.  *See* 18 U.S.C. § 2071 (providing that original documents, once filed with the Court, may not be removed).

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion (Dkt. No. 28) is **GRANTED in part and DENIED in part.**  Plaintiff's complaint is dismissed in its entirety *without prejudice*, but plaintiff's request for the return of his *original* complaint is denied; and it is further

      **ORDERED** that the Clerk of the Court shall enter Judgment **DISMISSING** this action **without prejudice** pursuant to Fed. R. Civ. P. 41(a)(2); and it is further

      **ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of his Complaint.

Dated: September 14, 2011
       Syracuse, New York

                                                Hon. Glenn T. Suddaby
                                                U.S. District Judge